IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WALDEMAR COFRESI | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. ____5:19-cv-01222____ |
| | ) | |
| MEDTRONIC, INC., | ) | |
| COVIDIEN, LP, ETHICON, INC., | ) | |
| and JOHNSON & JOHNSON | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Ethicon, Inc. ("Ethicon") removes this action styled *Waldemar Cofresi v. Medtronic, Inc., Covidien, LP, Ethicon, Inc., and Johnson & Johnson* from the 150th Judicial District Court for Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

As explained below, the United States District Court for the Western District of Texas, San Antonio Division has original subject-matter jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.* because complete diversity exists between the parties, and it is facially evident from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I.     THE STATE COURT ACTION

1.     On September 13, 2019, Plaintiff Waldemar Cofresi filed an action styled *Waldemar Cofresi v. Medtronic, Inc., Covidien, LP, Ethicon, Inc., and Johnson & Johnson*, Cause No. 2019CI19341, in the 150th Judicial District Court for Bexar County Texas. *See* Ex.

A, Compl.  The Complaint names four non-resident defendants:  Medtronic, Inc.; Covidien, LP; Ethicon, Inc.; and Johnson & Johnson.  Compl. ¶¶ 3-6.

2.      The Complaint alleges that Plaintiff underwent surgery in September 2017 to repair a left inguinal hernia and was implanted with Ethicon, Inc.'s Prolene Mesh hernia mesh device.  *Id.* ¶ 8.

3.      The Complaint alleges further that Plaintiff underwent another surgery on August 30, 2018 to repair a right inguinal hernia and was implanted with a Progrip Plug Mesh manufactured by Defendants Medtronic, Inc. and Covidien, LP.  *Id.* ¶ 10.

4.      Plaintiff contends that he currently is experiencing "extreme pain on both sides of his groin" and that "[h]is current doctor has informed Plaintiff that they will have to remove the Prolene Mesh, as the pain is caused by infection and a pinch [sic] nerve under the mesh."  *Id.* ¶ 11.  He also alleges that he "has suffered and continues to suffer permanent pain and suffering, emotional distress, loss of joy in life, as well as other non-economic damages, in addition to past and future special damages in the form of medical expenses and other costs associated with the care and treatment of these injuries, wage loss or loss of earning capacity" as a result of his implantation with Defendants' hernia mesh devices.  *Id.* ¶¶ 19, 23.

5.      Plaintiff asserts four causes of action against Defendants:  (1) negligence, (2) gross negligence, (3) strict liability failure to warn, and (4) strict liability design defect.  *Id.* ¶¶ 12-34.  He requests monetary damages in excess of $200,000 but not more than $2,000,000, along with pre- and post-judgment interest and court-costs, as recovery for his alleged medical expenses, loss of earning capacity, physical pain and mental anguish, physical impairment, and lost wages.  *Id.* ¶¶ 35, 37.

II.     **REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).**

6.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

A.      **The Amount-in-Controversy Requirement is Satisfied.**

7.      Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth in 28 U.S.C. 1332(a).[1]

8.      "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," absent exceptions not applicable here. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2012).

9.      Here, Plaintiff expressly requests "monetary relief over $200,000 but not more than $2,000,000 in damages[.]" Compl. ¶ 37(b). Thus, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     Additionally, the nature of the allegations in the Complaint establishes that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Plaintiff asserts four causes of action sounding in negligence, gross negligence, and strict liability arising

---

[1] The preponderance of the evidence standard was adopted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, the "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) (explaining the Act).

out of his alleged implantation with Defendants' hernia mesh devices. *See* Compl. ¶¶ 12-34. He contends that he "has been injured, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, economic loss and damages including, but not limited to medical expenses, lost income, and other damages" as a result of his treatment with Defendants' hernia mesh devices. *Id.* ¶ 14. He seeks damages for past and future medical expenses, loss of earning capacity, lost wages, physical pain and mental anguish, and physical impairment. *Id.* ¶ 35.

11.     It is widely recognized that personal-injury claims similar to those raised by Plaintiff facially meet the $75,000 jurisdictional threshold. *See*, *e.g.*, *Hammarland v. C.R. Bard, Inc.*, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) (denying remand in case involving hernia-mesh product and citing cases "involving severe injuries, especially those requiring surgery," in which "courts have found it facially apparent from the complaint that the amount in controversy is satisfied"); *Cole v. Medtronic*, 2015 WL 1638439, at *3 (W.D. Ky. Apr. 13, 2015) (finding that "the Court is confident that the case involves more than $75,000" given the "serious, complex, and expensive to treat" nature of plaintiff's alleged injuries and the potential for a large award of punitive damages); *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000"); *Boudreaux v. Daimler Chrysler Corp.*, No. Civ. A. 00-2054, 2001 WL 290157, at *3 (E.D. La. Mar. 22, 2001) (holding that "alleged damages can easily support the requisite monetary basis for federal jurisdiction" where plaintiff sought compensation for medical expenses, pain and suffering, mental anguish, and lost wages).

12.     In his claim for gross negligence, Plaintiff contends that "all Defendants knew of the defective nature of their products and their labeling as herein set forth, yet continued to

design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard for the foreseeable harm caused by this product." Compl. ¶ 16.  He alleges further that Defendants' conduct reflects "fraud, ill will, recklessness, gross negligence or willful disregard to the Plaintiffs' individual rights, health and well-being and hence punitive damages are appropriate." *Id.*  Texas law permits an award of exemplary damages where the "claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from:  (1) fraud; (2) malice; or (3) gross negligence." Tex. Civ. Prac. & Rem. Code § 41.003(a).  Accordingly, Plaintiff's request for punitive damages must also be considered in determining the amount in controversy. *See Allen v. R & H Oil and Gas, Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

13.      In short, considering Plaintiff's explicit request for monetary relief in excess of $75,000, excluding interest and costs, and the nature of the injuries he alleges, it is clear that the amount-in-controversy requirement is satisfied here.

**B.      Complete Diversity of Citizenship Exists Between Plaintiff and Defendants.**

14.      Complete diversity exists under 28 U.S.C. § 1332(a) because no Defendant is a citizen of the same state as Plaintiff.

15.      Plaintiff Waldemar Cofresi was a resident citizen of Bexar County, Texas at the time of filing of this Complaint and at the time of filing of this Notice of Removal. *See* Compl. ¶ 1.

16.      For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Johnson & Johnson is a citizen of the State of New Jersey because it is incorporated in New Jersey and has its principal place of business in New Brunswick, New Jersey.

17.     For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Ethicon, Inc. is a citizen of the State of New Jersey because it is incorporated in New Jersey and has its principal place of business in Somerville, New Jersey.

18.     For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Medtronic, Inc. is a citizen of the State of Minnesota because it is incorporated in Minnesota and has its principal place of business in Minneapolis, Minnesota.

19.     Defendant Covidien, LP is a limited partnership. "The citizenship of a limited partnership is based upon the citizenship of each of its partners." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Covidien, LP's general partner is Covidien Holding, Inc., a Delaware corporation with its principal place of business in Massachusetts. Covidien, LP has eleven (11) limited partners. For diversity purposes, these partners are citizens of the States of Delaware, Massachusetts, Minnesota, Connecticut, Colorado, Wisconsin, and California. Accordingly, Covidien, LP is also a citizen of the States of Delaware, Massachusetts, Minnesota, Connecticut, Colorado, Wisconsin, and California.

## III.    DEFENDANTS HAVE SATISFIED THE OTHER PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

20.     The 150th Judicial District Court for Bexar County, Texas, is located within the Western District of Texas, San Antonio Division, *see* 28 U.S.C. § 124(d)(4), and venue for this action is proper in this Court because the Western District of Texas, San Antonio Division, is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

21.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon and by Ethicon are attached as Exhibit A.

22.     Ethicon will promptly file a copy of this Notice with the Clerk of the 150th Judicial District Court for Bexar County, Texas, as required by 28 U.S.C. § 1446(d).

23.     Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

24.     Defendant Medtronic, Inc. received a copy of the Complaint and a summons on September 23, 2019.

25.     Defendant Covidien, LP received a copy of the Complaint and a summons on September 23, 2019.

26.     Defendant Ethicon, Inc. received a copy of the Complaint and a summons on September 24, 2019.

27.     Removal is timely, as this Notice was filed within 30 days of Ethicon's receipt of the initial pleadings and summons. *See* 28 U.S.C. § 1446(b)(2)(B).

28.     Defendants Medtronic, Inc. and Covidien LP consent to the removal of this action and have submitted written Notices of Consent to Removal, which are attached as Exhibits B and C to this Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A).

29.     As of the date of the filing of this Notice of Removal, Johnson & Johnson has not received a copy of the Complaint and summons. Accordingly, Johnson & Johnson is not required to join in or consent to this Notice of Removal. *See Castillo v. Hongjin Crown Corp.*, 2009 WL 10669628, at *1 n.2 (W.D. Tex. July 1, 2009) (quoting *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of N. America*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988)) ("Generally, all defendants must join in a removal petition or consent to removal; however, an exception applies if the non-moving defendants are not citizens of the forum state and have not been served when the removal petition is filed.").

30.     By removing this action to this Court, Ethicon does not waive any defenses, objections, or motions available under state or federal law. Ethicon expressly reserves the right

7

to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or seek dismissal on grounds of lack of personal jurisdiction, improper venue, or under the doctrine of forum non conveniens.

WHEREFORE, Defendant Ethicon, Inc. gives notice that the matter bearing the case number 2019CI19341, currently pending in the 150th Judicial District Court for Bexar County, Texas is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted this 14th day of October, 2019.

/s/ Christopher Cowan
Christopher Cowan
Butler Snow LLP
State Bar No. 24084975
515 Congress Ave., Suite 1900
Austin, TX 78701
(737) 802-1806
Chris.Cowan@butlersnow.com

*Attorney for Defendant Ethicon, Inc*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on October 14, 2019 on counsel of record via the Court's electronic filing system and via email:

/s/ Christopher Cowan
Christopher Cowan